Opinion by
White, P. J.
§765." Illegal evidence not cause for reversal, when; case stated. Appellee sued appellant to recover damages for delay in the delivery of two lots of fruit trees shipped by him over appellant’s line of railway, one lot shipped from Dallas to Hillsboro, an.d another from De Kalb to Dallas, Texas. He recovered judgment for damages and costs. On the trial the court, over appellant’s objections, permitted appellee to testify that the fruit trees he had shipped to Hillsboro were trees he had sold to parties in that vicinity, and that, if the trees had reached there within a reasonable time after shipment, said parties would have taken them according to contract. Held: This evidence was hearsay, and therefore inadmissible. But the admission of incompetent evidence is not always ground for reversal. It is not ground for reversal, ordinarily, Where the case is made out independently of the objectionable evidence. [Morris v. Runnells, 12 Tex. 176.] Nor is the admission of immaterial evidence, not calculated to mislead, ground for reversal. [Titus v. Johnson, 50 Tex. 225.] In this case there is sufficient evidence, independent of appellee’s statement, to show that the purchasers of the trees would have taken them had they arrived on time.
*672 May 13, 1885.
§ 766. Damage for delay in delivering goods; evidence as to, held sufficient. When the trees shipped to Hillsboro reached there, the purchasers refused to take them, because of the delay in their arrival. Appellee finally sold them at the best price he could obtain for them, and the loss was $121.10. When appellee shipped these trees he notified the agent of appellant, who received them for shipment, fully of his contract with the purchasers at Hillsboro; and that if the trees did not reach there by a certain time, they would be a total loss to him, as the purchasers would not take them after that date. With regard to the trees shipped from He Kalb to Hallas, the preponderance of the evidence is, that they were frozen and killed in transit. They were in good order when shipped. It is sufficiently manifest that the _loss of these trees resulted from the negligence of appellant’s employees while they were en route. The evidence amply sustains the verdict and judgment.
Affirmed.